IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick A. Carter, | ) C/A No.: 3:12-3637-MBS-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| CPC Logistics, Inc.; CPC Medical Products, LLC; and Hospira Fleet Services, LLC, | ) |
| Defendants. | ) |

Plaintiff Roderick A. Carter filed this action on December 27, 2012, appearing to allege retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). He names as defendants CPC Logistics, Inc., CPC Medical Products, LLC (collectively "CPC Defendants"), and Hospira Fleet Services, LLC ("Hospira"). [Entry #1]. This matter comes before the court on the CPC Defendants' motion to dismiss [Entry #20] and Hospira's motion to dismiss [Entry #23]. These motions having been fully briefed [Entry #26, #27, #28, #29, #30], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions to dismiss are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the motions to dismiss. If the district judge adopts

this recommendation, the undersigned recommends Plaintiff be granted leave to amend his complaint against the CPC Defendants within 15 days from the district judge's order.

I.   Factual and Procedural Background

In his complaint, Plaintiff alleges he filed two charges with the Equal Employment Opportunity Commission ("EEOC"): one on October 21, 2010 (#433-2010-00205) ("2010 Charge") [Entry #1 at 3], and another on September 20, 2011 (#433-2011-03791) ("2011 Charge") [*id.* at 4]. Plaintiff does not attach either charge to his complaint; however, Hospira attaches a copy of the 2011 Charge to its motion. [Entry #23-2]. Although Plaintiff alleges that he was "jointly employed" by defendants, a review of the 2011 Charge reveals it was filed only against CPC Logistics, Inc. for retaliation. *Id.* Plaintiff alleges that after he filed his 2010 Charge, he was harassed by his manager Ron Covert from February 21, 2011, until September 9, 2011. *Id.* at 3. Plaintiff alleges that he was discharged on October 6, 2011. *Id.* at 4. Although Plaintiff alleges that he filed his 2011 Charge on September 20, 2011, and that he was discharged on October 6, 2011, *id.* at 4, a review of the copy of the 2011 Charge attached to Hospira's motion reflects the 2011 Charge was signed on October 6, 2011. [Entry #23-2].

The CPC Defendants filed a motion to dismiss arguing that Plaintiff's complaint fails to state a cause of action for which relief can be granted under Fed. R. Civ. P. 12(b)(6) because it does not separately allege any causes of action or specify any laws which are alleged to have been violated. They argue that in the absence of any factual allegations concerning administrative prerequisites, they and the court are unable to

2

determine from the four corners of the complaint whether Plaintiff's legal claims have been timely filed. [Entry #20].

Hospira filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to 12(b)(6). [Entry #23]. Specifically, Hospira argues that Plaintiff has never filed a charge of discrimination against it, and therefore he has not exhausted his administrative remedies, with the court thereby lacking subject matter jurisdiction over those claims. *Id.*

II.  Discussion

   A.   Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion.  *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

3

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

  B. Analysis

    1. CPC Defendants' Motion to Dismiss

In their motion to dismiss, the CPC Defendants argue the complaint's lack of factual or legal allegations causes the pleading to be so vague and ambiguous that defendants have not been given sufficient notice of the allegations against them. [Entry #20 at 4]. For instance, they argue it is unclear if Plaintiff's statement of being "harassed" by his manager is intended to make a claim for harassment, or, when read in conjunction with the reference to his 2010 Charge, if it is intended to be factual support for a retaliation claim. The CPC Defendants argue that neither scenario identifies what laws are alleged to have been violated. Furthermore, they argue that if any allegations rely on

4

the 2010 Charge, that Plaintiff has failed to identify or otherwise provide the date of, or his receipt of, the EEOC's dismissal letter so that the court can determine the timeliness of such a claim and whether jurisdiction exists. *Id.* at 5.  The CPC Defendants argue that complaint's allegations about Plaintiff having filed his charge in September 2011 conflict with his allegation that his charge included complaints about having been terminated in October 2011. *Id*. at 5. Therefore, the CPC Defendants argue it is unclear whether Plaintiff is alleging his termination was in retaliation for filing his 2010 Charge or his 2011 charge.

Plaintiff's response to the CPC Defendants' motion reads much like an amended complaint and contains additional factual allegations. [Entry #26]. It appears from his response that Plaintiff intends to assert a retaliation claim, based in part on his October 2011 termination, as his sole cause of action. [Entry #26 at ¶¶ 12–14]. The CPC Defendants' reply notes that Plaintiff's 2011 Charge specified that the alleged retaliatory conduct took place between February 21, 2011, and August 10, 2011. [Entry #27].  The CPC Defendants argue that the court does not have subject matter jurisdiction to consider whether Plaintiff's termination, or other events occurring after August 10, 2011, were retaliatory. [Entry #27 at 5–7]. If Plaintiff alleges his termination was in retaliation for filing his 2010 Charge, it is unclear whether he has exhausted that claim. *Id*.  Further, either the 2011 Charge was filed before Plaintiff's termination, meaning it would have been impossible for the charge to include any events occurring post-filing, or the charge was filed after Plaintiff's termination and the termination was not included in the time period or allegations alleged.

5

Although Plaintiff has set forth additional factual allegations in his response, on a motion to dismiss, the court only considers whether the complaint contains sufficient jurisdictional and factual allegations to survive dismissal. Here, Plaintiff's complaint does not set forth the basis for the court's jurisdiction as required by Fed. R. Civ. P. 8(a). This rule requires the complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

In light of the foregoing substantive deficiencies in Plaintiff's complaint, the undersigned recommends that the district judge grant the CPC Defendants' motion to dismiss, but grant Plaintiff leave to file an amended complaint in compliance with Fed. R. Civ. P. 8(a) against the CPC Defendants within 15 days of the district judge's order. Additionally, Plaintiff should be advised to attach to his amended complaint all correspondence with the EEOC, including his charges and any amendments thereto, together with his notices of right to sue. The amended complaint should set forth the grounds for the court's jurisdiction[1] and a statement of the claim showing he is entitled to relief. In so doing, Plaintiff is advised that a retaliation claim requires allegations that: 1) he engaged in a protected act; 2) an adverse employment action (that would have

---

[1] The undersigned notes that the CPC Defendants contend that the court lacks jurisdiction to consider acts of alleged retaliation after August 10, 2011, because of the time frame set forth in Plaintiff's EEOC charge. However, the undersigned declines to address that issue before Plaintiff is allowed to clarify his legal claims and factual allegations, as it is not yet ripe.

6

dissuaded a reasonable worker from making or supporting a charge of discrimination) was taken against him, and 3) there is a causal connection between the act and the adverse action. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). To the extent that Plaintiff intends to allege other causes of action, he should identify those causes of action and list the facts that meet each element of the relevant causes of action.

    2.    Hospira's Motion to Dismiss

Hospira argues, *inter alia*, that the court lacks subject matter jurisdiction over Plaintiff's claims against it because he failed to exhaust his administrative remedies by filing a charge with the EEOC against Hospira. Plaintiff bears the burden of establishing that jurisdiction against each defendant is proper. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Under Title VII, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-f(f)(1). The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation. *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Courts have held that a plaintiff's failure to name a defendant in an EEOC charge does not bar subsequent suit if the purposes of the naming requirement were substantially met. *See Grant v. I.N.I. Corp.*, C/A No. 4:11-1499-RBH-TER, 2012 WL 486881, *2 (D.S.C. Jan. 26, 2012) (*Davis v. BBR Management, LLC*, No. DKC 10-0552, 2011 WL 337342, *5 (D.Md. Jan. 31, 2011)).

Accordingly, several exceptions to the naming requirement have been recognized. A defendant need not be named in the administrative complaint when it is functionally identical to a named defendant. *See Alvarado v. Board of Trustees*, 848 F.2d 457 (4th Cir. 1988). Hospira argues that it is not functionally identical to the CPC Defendants, but that it is a separate and distinct entity. [Entry #23-1 at 7]. While not formally adopted by the Fourth Circuit, several districts in the Fourth Circuit have applied the "identity of interest" or "substantial identity" test to determine whether a defendant had notice of the EEOC charges and participated in the conciliation process. *See Grant*, 2012 WL 486881, *3. In applying the substantial identity test, courts consider four factors:

> (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint;
>
> (2) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party;
>
> (3) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; and
>
> (4) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.

*Id.* (citing *McAdoo v. Toll*, 591 F.Supp. 1399, 1403 (D.Md. 1984)).

Here, it is clear that Plaintiff could have ascertained the name of Hospira at the time that he filed his 2011 Charge, as it is listed on the DOT report from September 26, 2011, that Plaintiff provided. [Entry #29-1]. Hospira denies that the other factors apply, and Plaintiff has failed to put forth any evidence to contradict Hospira's arguments. In his

8

response, Plaintiff alleges that the "defendants jointly employed Plaintiff" and argues that "Hospira knew of the pending [EEOC] charges and had an opportunity to participate in the conciliation process, thus satisfying the purposes of Title VII." [Entry #29 at 2, 10]. While Plaintiff attaches a DOT report that lists him as the driver and Hospira as the carrier and shipper for a September 26, 2011, shipment [Entry #29-1], the document appears unrelated to Plaintiff's EEOC charges.

Therefore, because Plaintiff has the burden of proof on this issue and has failed to set forth sufficient arguments and evidence to support subject matter jurisdiction against Hospira, the undersigned recommends Hospira's motion to dismiss be granted.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the CPC Defendants' motion to dismiss [Entry #20] be granted, but that Plaintiff be permitted 15 days from the district judge's order to amend his complaint against the CPC Defendants. The undersigned further recommends that Hospira's motion to dismiss [Entry #23] be granted and that Hospira be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 9, 2014                         Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).