IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Roderick A. Carter,                              ) | |
|                                                            ) | C/A No. 3:12-3637-MBS |
|                     Plaintiff,              ) | |
|                                                            ) | |
| vs.                                               ) | **O R D E R** |
|                                                            ) | |
| CPC Logistics, Inc.; CPC Medical Products, ) | |
| LLC; and Hospira Fleet Services, LLC,    ) | |
|                                                            ) | |
|                     Defendants.         ) | |
| _____) | |

Plaintiff Roderick A. Carter, proceeding pro se, filed a complaint on December 27, 2012, alleging that he was unlawfully retaliated against after filing a Charge of Discrimination with the Equal Employment Opportunity Commission in October 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On May 9, 2013, Defendants CPC Logistics, Inc. and CPC Medical Products, LLC (the "CPC Defendants") filed a motion to dismiss for failure to state a claim. The CPC Defendants contend that Plaintiff has failed to allege facts sufficient to plausibly state a claim. By order filed May 9, 2013, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences of failing to respond adequately. On May 30, 2013, Defendant Hospira Fleet Services, LLC ("Hospira") filed a motion to dismiss for lack of jurisdiction. Hospira asserts that Plaintiff failed to name it in his Charge for Discrimination, and thus failed to exhaust his administrative remedies, as required by 42 U.S.C. § 2000e-f(f)(1). A second Roseboro order was issued on May 31, 2013. Plaintiff filed a response in opposition to the CPC

Defendants' motion on June 5, 2013, to which the CPC Defendants filed a reply on June 17, 2013. Plaintiff filed a response in opposition to Hospira's motion to dismiss on June 27, 2013, to which Hospira filed a reply on July 7, 2013.

On January 9, 2014, the Magistrate Judge filed a Report and Recommendation in which she recommended that the CPC Defendants' motion to dismiss be denied, and that Plaintiff be granted the opportunity to amend his complaint as to the CPC Defendants. The Magistrate Judge further recommended that Hospira's motion to dismiss for lack of jurisdiction be granted for failure of Plaintiff to exhaust his administrative remedies as to this Defendant. Plaintiff filed objections to the Report and Recommendation on January 21, 2014, to which Hospira filed a reply on February 6, 2014, and the CPC Defendants filed a reply on February 7, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

As an initial matter, the court notes that Plaintiff does not object to the Magistrate Judge's recommendation that the CPC Defendants' motion to dismiss be denied and that Plaintiff be granted the opportunity to amend his complaint. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon review, the court adopts the Magistrate Judge's

Report and Recommendation as to the CPC Defendants' motion to dismiss.

Regarding Hospira, Plaintiff alleges that he amended his Charge of Discrimination to name Hospira as a party, and that the amendment was received by the EEOC on January 23, 2012. See ECF No. 34-1. Hospira contends that the amendment submitted by Plaintiff with his objections should be disregarded. However, at this stage of the litigation the court is reluctant to refuse Plaintiff an opportunity to cure all the deficiencies of his complaint, if he can do so. Accordingly, the court declines to adopt the Magistrate Judge's recommendation that Hospira's motion to dismiss be granted.

The CPC Defendants' motion to dismiss (ECF No. 20) is **denied**, without prejudice. Hospira's motion to dismiss (ECF No. 23) also is **denied** without prejudice. Plaintiff shall file an amended complaint in compliance with Fed. R. Civ. P. 8(a) and as directed by the Magistrate Judge in the Report and Recommendation within fifteen days after the date of entry of this order.[1] The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 12, 2014.

---

[1] Defendants inform the court that Plaintiff served them with a copy of an amended complaint on or about January 21, 2014. Defendants seek an extension of time to answer or otherwise plead to the proposed amended complaint. Defendants' motions (ECF No. 36, 37) are denied as moot. Defendants' time to respond shall commence upon Plaintiff's filing of his amended complaint with the court.