IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roderick A. Carter, ) | |
| ) | C/A No. 3:12-3637-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| CPC Logistics, Inc.; CPC Medical ) | |
| Products, LLC; and Hospira Fleet ) | |
| Services, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On December 27, 2012, Plaintiff Roderick A. Carter, proceeding pro se, filed this action against his former employers, Defendants CPC Logistics, Inc. and CPC Medical Products, LLC (together "CPC"); and Hospira Fleet Services, LLC ("Hospira"), alleging that he was subjected to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On March 18, 2014, Plaintiff filed an amended complaint in which he alleged a single cause of action for retaliation.

I. LEGAL STANDARD

To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity, (2) his employer acted adversely against him, and (3) the protected activity was causally connected to the adverse action. See Clarke v. DynCorp Int'l, LLC, 962 F. Supp. 2d 781, 790 (D. Md. 2013). A plaintiff may establish a causal connection by showing that the adverse act bears sufficient temporal proximity to the protected activity. Alexander v. Glut Food Coop, 2012 WL 4846759 (D. Md. October 10, 2012) (citing Clark City. Sch. Dist. v. Breeden, 532 U.S. 268,

273-74 (2001)).

Once a plaintiff establishes his prima facie case, the burden shifts to the employer to put forth a legitimate, non-discriminatory reason for the action. Perry v. Peters, 341 F. App'x 856, 858 (4th Cir. 2009) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). If this burden is met, the plaintiff must then show that the proffered reasons are pretextual or his claim will fail. Id. (quoting Price v. Thompson, 380 F.3d 209, 212 (4th Cir.2004)). To show pretext, the plaintiff must show that the defendant's reason is "unworthy of credence" or offer other forms of circumstantial evidence demonstrating retaliation. Id. (quoting Price, 380 F.3d at 212).

Before a federal court may assume jurisdiction over a claim under Title VII, a plaintiff must exhaust the EEOC administrative process. Polite, 2015 WL 1549050 (quoting Davis v. N.C. Dep't of Corr., 48 F.3d 134, 136-37 (4th Cir. 1995)). The administrative process begins when a plaintiff brings a charge with the EEOC. Id. (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). As noted hereinabove, a civil action under Title VII may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation. Polite, 2015 WL 1549050 (quoting Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998)).

## II. FACTS AND PROCEDURAL HISTORY

CPC is engaged in the business of performing transportation services for corporate customers. To this end, CPC employs truck drivers to haul freight to various customers. Hospira engaged CPC to pick up freight in Jacksonville, Florida and deliver it to Hospira facilities in North Carolina. Plaintiff was hired by CPC as one of the drivers who delivered freight to Hospira.

CPC addressed performance issues with Plaintiff commencing in March 2008. On or around November 1, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, asserting that he had been discriminated against on the basis of his race (black), in violation of Title VII. Plaintiff continued to be employed with CPC and continued to be counseled for poor work performance. Plaintiff filed a second Charge of Discrimination on October 3, 2011, in which he alleged unlawful retaliation. Plaintiff was terminated on October 5, 2011.

CPC filed a motion for summary judgment on January 12, 2015, arguing that (1) Plaintiff had failed to establish a prima facie case of retaliation because no causal connection existed between the 2010 EEOC Charge and his termination in 2011; and (2) Plaintiff failed to establish that CPC's legitimate, nonretaliatory reasons for its actions were a pretext for retaliation. Hospira also filed a motion for summary judgment on January 12, 2014. Hospira contends that (1) Plaintiff failed to exhaust his administrative remedies as to Hospira; (2) Hospira and CPC are not joint employers; and (3) Hospira did not discriminate or retaliate against Plaintiff.

By order filed January 13, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to CPC's motion for summary judgment on February 13, 2015. Plaintiff filed a response in opposition to Hospira's motion for summary judgment on February 17, 2015. CPC filed a reply on February 23, 2015. Hospira filed a reply on February 24, 2015. Hospira filed a motion for leave to file a supplement to its motion for summary judgment on April 30, 2015. CPC also filed a motion for leave to file a supplement to its motion for summary judgment on May 1, 2015.

On June 30, 2015, the Magistrate Judge issued a Report and Recommendation in which she

determined that Plaintiff had failed to exhaust his administrative remedies as to Hospira because he did not name Hospira as a respondent in either Charge of Discrimination. See 42 U.S.C. § 2000e-5(f)(1) (authorizing an aggrieved person in certain situations to bring a civil action "against the respondent named in the charge"). The Magistrate Judge further found that Plaintiff failed to establish that Hospira and CPC are so similar that it would be unnecessary to include Hospira in the administrative process. See, e.g., Polite v. Sherion Staffing, LLC, C/A No. 2:14-cv-476 DCN JDA, 2015 WL 1549050 (D.S.C. April 7, 2015) (applying "substantial identity" factors).

As to CPC, the Magistrate Judge determined that Plaintiff established no causal connection between his discharge and the Charge he filed in 2010. The Magistrate Judge found, however, that, construing the facts in a light most favorable to the Plaintiff, Plaintiff made out a prima facie case of retaliation with respect to his second Charge of Discrimination. The Magistrate Judge based her finding upon the temporal proximity between the filing of the second Charge on October 3, 2011, and Plaintiff's termination on October 5, 2011. However, the Magistrate Judge concluded that Plaintiff had provided no competent evidence that CPC's proffered legitimate, nonretaliatory reasons for discharging him–his continued poor job performance and insubordinate behavior–was pretextual, and that retaliation was the true reason for his discharge. Accordingly, the Magistrate Judge recommended that both motions for summary judgment be granted, and that Hospira's and CPC's motions for leave to supplement their motions for summary judgment be denied as moot. Plaintiff filed objections to the Report and Recommendation on July 9, 2015 and July 10, 2015. Hospira and CPC each filed a reply to Plaintiff's objections on July 21, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

### III.  DISCUSSION

A.     Hospira

Plaintiff contends the Magistrate Judge erred in concluding that Hospira and CPC are not joint employers such that notice to one was notice to the other. The court disagrees.

The "substantial identity" test applied by the Magistrate Judge has been utilized to determine whether a defendant had notice of the EEOC charges and participated in the conciliation process. Id. (citing cases). Courts applying the "substantial identity" test examine four factors:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) Whether, under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
>
> (4) Whether the unnamed party had in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. (citing Vanguard Justice Soc. Inc. v. Hughes, 471 F. Supp. 670, 687 (D. Md. 1979)).

As he did in his response to Hospira's motion for summary judgment, Plaintiff contends that Hospira exercised control of the terms and conditions of his day-to-day employment decisions. However, as the Magistrate Judge properly observed, (1) Plaintiff was aware he was hauling freight

5

for Hospira and provides no explanation as to his failure to name Hospira as a respondent; (2) Plaintiff fails to show that CPC's interests are so similar to Hospira's interests that it was unnecessary to include the Hospira in any EEOC proceedings; (3) Plaintiff does not rebut Hospira's contention that it would suffer unfair prejudice because it was not given the opportunity to respond to the charge or participate in the EEOC's conciliation process; and (4) Plaintiff does not allege Hospira made any representations regarding its relationship with CPC.

Plaintiff contends he provided an amended complaint to the EEOC on January 19, 2012 in which he added Hospira as a respondent. Plaintiff's amended EEOC complaint cannot be the basis of Plaintiff's retaliatory discharge claim because it was filed after Plaintiff was terminated. See Burton v. Potter, 339 F. Supp. 2d 706, 714 (M.D.N.C. 2004). Plaintiff's objections are without merit.

B.     CPC

Plaintiff asserts the Magistrate Judge erred in determining that certain actions by CPC that occurred in August and September 2011 were not undertaken in retaliation for the filing of his first Charge on November 1, 2010. The court disagrees. As with Plaintiff's termination, the events complained of did not occur within sufficient temporal proximity of the filing of the first Charge of Discrimination to establish causation. Moreover, the events in August and September 2011 took place before Plaintiff filed his second Charge on October 3, 2011, so cannot form the basis of a retaliation claim.

Plaintiff appears to argue that CPC's proffered reasons for terminating him was pretext, and that retaliation was the real reason for CPC's actions. Plaintiff contends that he "showed undisputed evidence of unprotected drivers/co-workers engaged in the same conduct as Plaintiff and not

6

terminated for it." Pl. Objections, ECF No. 84, 2. As the Magistrate Judge properly held, Plaintiff's own conclusory allegations that CPC terminated him in retaliation for having filed the second Charge of Discrimination are insufficient to overcome evidence in the record regarding Plaintiff's disciplinary history. Plaintiff's objections are without merit.

## IV.  CONCLUSION

Plaintiff's objections essentially reiterate the allegations of his amended complaint. Plaintiff's responses do not rebut the Magistrate Judge's conclusion that summary judgment should be granted in favor of Hospira and CPC.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, CPC's motion for summary judgment (ECF No. 67) is **granted**. Hospira's motion for summary judgment (ECF No. 68) also is **granted**. CPC's and Hospira's motions to supplement their summary judgment motions (ECF Nos. 81 and 80, respectively) are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
September 30, 2015

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**